**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 29, 2013**

# In the Court of Appeals of Georgia

A12A0514. MONTGOMERY v. BANK OF AMERICA et al.

RAY, Judge.

Roosevelt Montgomery filed suit against Bank of America, BAC Home Loan Servicing, Inc. ("BAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Prommis Solutions, LLC, and McCalla Raymer, LLC (collectively, "Appellees") asserting claims for wrongful foreclosure, slander of title, slander of credit, quiet title, fraud, and intentional infliction of emotional distress. Montgomery appeals from the trial court's order granting Appellees' motion for judgment on the pleadings as to all claims. For the following reasons, we affirm.

> When, as in this case, [the defendants] file[] a motion for judgment on the pleadings and do[] not introduce affidavits, depositions or interrogatories in support of the motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon

which relief can be granted. Such a motion should not be granted unless the averments in the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the plaintiff's claim. On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings, and we construe the complaint in a light most favorable to the appellant, drawing all reasonable inferences in his [ ] favor.[1]

So viewed, the record shows that, on May 16, 2008, Montgomery obtained a mortgage from the National Bank of Kansas City and, in conjunction therewith, executed a promissory note and security deed. The security deed named Mortgage MERS as a nominee of the lender and as the grantee under the security instrument. The security deed conveyed to MERS, and its successors and assigns, the right to exercise any or all of the interests granted under the security deed, including the right to foreclose and sell the property. In 2010, MERS assigned all of its right, title and interest in and to the security deed to BAC. The assignment was duly filed and recorded on April 16, 2010. After Montgomery defaulted on his mortgage payments, BAC retained the law firm of McCalla Raymer, LLC to assist with initiation of non-judicial foreclosure.

---

[1] (Citations and punctuation omitted.) *McCobb v. Clayton County*, 309 Ga. App. 217 (710 SE2d 207) (2011).

In response, Montgomery filed suit against Appellees. Montgomery predicated each of his claims on the allegations that BAC lacked the authority to initiate non-judicial foreclosure on his property because (1) MERS lacked the authority to assign such authority to BAC and (2) such assignment was not valid.

1. Montgomery contends that the trial court erred in granting Appellees' motion for judgment on the pleadings. We disagree.

Broadly construed in Montgomery's favor, the claims set forth in the complaint are essentially based on two allegations: (1) that MERS had no legal interest with respect to the promissory note or security deed, and, thus, had no interest to assign to BAC; and (2) that the McCalla Raymer attorney executing the assignment on MERS' behalf did so improperly or without the appropriate authority.

"Under Georgia law . . . a security deed which includes the power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies."[2] Furthermore, OCGA § 23-2-114 provides that

> [u]nless the instrument creating the power [of sale] specifically provides to the contrary, a . . . successor of the grantee in a mortgage, . . . deed to secure debt, . . . or other like instrument, or an assignee thereof . . . may

---

[2] *Gordon v. South Cent. Farm Credit, ACA*, 213 Ga. App. 816, 817 (446 SE2d 514) (1994).

exercise any power therein contained; and such powers may so be exercised regardless of whether or not the transfer specifically includes the powers or conveys title to the property described.

The security deed at issue in this case expressly provides that "MERS is the grantee under this Security Instrument," that "Borrower does hereby grant and convey to MERS . . . and the successors and assigns of MERS, with power of sale," with regard to the property, and . . . "[t]o have and to hold this property unto MERS . . . and to the successors and assigns of MERS . . . ." The security deed further provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but . . . MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security instrument."[3] Thus, the security deed expressly conveyed title to the interests in the security deed to MERS, gave MERS the right to

---

[3] See also OCGA § 44-14-60 (A security deed "pass[es] the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid").

4

invoke the power of sale, and authorized MERS to assign its rights and interests in the security deed to BAC.

Montgomery also contends that Appellees failed to comply with the filing requirements of OCGA § 44-14-162 (b).[4] However, the pleadings clearly indicate that Appellees filed the assignment of the security deed on April 16, 2010 and that the foreclosure sale was scheduled for May 4, 2010. Accordingly, this argument lacks merit.

2. In related enumerations of error, Montgomery contends that the trial court erred in granting the motion for judgment on the pleadings, in part, because the trial court wrongfully determined that the assignment of the security deed was valid, and that Montgomery lacked standing to contest the validity of the assignment. We discern no error.

Montgomery argues that MERS did not have an interest in the promissory note at the time of the assignment and, therefore, did not assign the promissory note to BAC along with the security deed. Montgomery further argues that acceleration of

---

[4] OCGA § 44-14-162 (b) provides that "[t]he security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

the promissory note is a condition precedent to invoking the power of sale contained in the security deed, thereby inferring that one must possess both the promissory note and the security deed in order to carry out a non-judicial foreclosure. There is no statutory authority or case law from Georgia courts to support this argument.[5]

Montgomery also contends that the trial court erred in upholding the validity of the assignment because the attorney who purportedly executed the assignment on MERS behalf (C. Troy Crouse) did not, in fact, execute the assignment. At the motions hearing, Montgomery argued that Crouse's signature on the assignment did not match his signature on other documents. In addressing this claim, the trial court

---

[5] See OCGA § 44-14-64 (b) ("Transfers of deeds to secure debt . . . shall be sufficient to transfer the property therein described and the indebtedness therein secured, whether the indebtedness is evidenced by a note or other instrument"); See also *Davis v. Bank of America*, N.A., 2012 WL 3949224 (N.D.Ga. Sept. 12, 2012) ("[S]plitting a note and a deed does not render either instrument invalid under Georgia law"); *LaCosta v. McCalla Raymer,LLC*, 2011 WL 166902 (N.D.Ga. Jan. 18, 2011) (finding no support in Georgia law for the theory that an entity or individual in possession of the security deed must also possess the note before bringing a foreclosure action). Cf. *Morgan v. OCWEN Loan Servicing, LLC, et al.*, 795 F. Supp. 2d 1370 (N.D. Ga. 2011). We note that, in *You v. JPMorgan Chase Bank*, Case No. 1:12-cv-202-JEC-AJB, 2012 WL 3904363 (N.D. Ga. Sept. 7, 2012), the United States District Court for the Northern District of Georgia has certified the question to the Supreme Court of Georgia (Case No. S13Q0040, docketed Sept. 13, 2012) to decide "whether a deed holder who does not also hold the note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings." At the time of our opinion in this case, the Supreme Court had not made a decision on the certified question.

6

found that the assignment was contractual, and because Montgomery was not a party to the assignment, that he lacked the standing to contest its validity.

As the trial court correctly found, the assignment at issue is a contract between MERS and BAC.[6] Even if we were to assume, for the purposes of argument, that Crouse's execution of the assignment on behalf of MERS was flawed, the proper party to bring a claim against MERS would be the other party to the assignment, BAC.[7] Accordingly, Montgomery has no basis to contest the validity of the assignment.

3. Montgomery contends that the trial court erred in denying his motion to amend the pleadings, motion to enforce subpoenas, and motions relating to discovery because the trial court did not provide him with an opportunity to be heard on the motions. We disagree.

Appellees filed their joint answer to the complaint on July 16, 2010 Appellees then filed a motion for judgment on the pleadings pursuant to OCGA § 9-11-12 (c)

---

[6] *Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga. App. 679, 680 (1) (327 SE2d 800) (1985).

[7] OCGA § 9-2-20(a) ("an action on a contract . . . shall be brought in the name of the party in whom legal interest in the contract is vested, and against the party who made it in person or by agent.")

7

on August 25, 2010. Montgomery did not timely respond to that motion,[8] and over the next several months he made no effort to take discovery. On January 14, 2011, the last business day before the discovery period expired, Montgomery filed a motion to extend discovery and served extensive discovery requests on January 15, 2011. On February 16, 2011, Appellees served responses to Montgomery's discovery requests, objecting to all of them on the grounds that they were untimely served, overbroad and unduly burdensome, sought irrelevant information, and/or were not reasonably calculated to lead to the discovery of admissible evidence. Montgomery re-served his discovery requests in the form of notices to produce, and Appellees filed a motion to quash. Montgomery then filed motions to enforce the notices to produce.

The trial court scheduled a hearing on all pending motions for February 24, 2011. On February 23, 2011, McCalla Raymer, LLC and Prommis Solutions, LLC filed a motion to quash a non-party witness subpoena and a subpoena for the production of evidence that Montgomery had served upon non-party Crouse, the attorney at McCalla Raymer, LLC who executed the assignment of the security deed

---

[8] Montgomery's response to the motion for judgment on the pleadings was filed on January 7, 2011.

from MERS to BAC. On the date of the hearing, Montgomery filed a motion to compel discovery and a motion to enforce the subpoenas served on Crouse.

At the motions hearing, Montgomery's counsel conceded that the ruling on the motion for judgment on the pleadings could be dispositive of all issues in the case. The trial court heard argument on the motion for judgment on the pleadings and, after acknowledging that the motion "could be dispositive of the case," took the matter under advisement and deferred consideration of the other motions until it made its ruling on the motion for judgment on the pleadings. Montgomery's counsel did not object. Thereafter, the trial court entered its order granting Appellees' motion for judgment on the pleadings. In so ruling, the trial court found that the remaining discovery-related motions were moot. We discern no error.

For the above reasons, the trial court did not err in granting Appellees' motion for judgment on the pleadings.

*Judgment affirmed. Phipps, P. J., Andrews, P. J., and Branch, J., concur and Doyle, P. J. and Boggs, J. concur specially and Miller, P. J. dissents.*

A12A0514. MONTGOMERY v. BANK OF AMERICA et al.

DOYLE, Presiding Judge.

I concur fully with the majority. I write separately only to note that while I concurred in the opinion in *U. S. Bank, N.A. v. Phillips*,[1] in which we vacated the trial court's order regarding the appellee's wrongful foreclosure claim and remanded the case with instruction that the case be stayed pending the decision of the Supreme Court of Georgia in *You v. JPMorgan Chase Bank, N.A.*, No. 1:12–cv–202–JEC–AJB, 2012 U.S. Dist. LEXIS 127461, at ___ (III) (C) (N.D. Ga. Sept. 7, 2012),[2] for the reasons set forth in the majority opinion and in the interest of judicial economy, I agree that this case should be affirmed.

I am authorized to state that Judge Boggs joins in this special concurrence.

---

[1] 318 Ga. App. 819 (734 SE2d 799) (2012).

[2] *You* was docketed in the Supreme Court of Georgia on Sept. 13, 2012.

2

A12A0514. MONTGOMERY v. BANK OF AMERICA.


MILLER, Presiding Judge.

I dissent from the majority's opinion in this case. Montgomery asserted in his complaint that the assignment from Mortgage Electronic Registrations Systems, Inc. ("MERS") to BAC Home Loans Servicing, Inc. ("BAC") was invalid because MERS did not hold the promissory note and BAC therefore lacked authority to foreclose. Moreover, Montgomery raised this issue on appeal, albeit without citation to authority.

Montgomery's claim appears to raise the same question posed in *You v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-202-JEC-AJB, 2012 U. S. Dist. LEXIS 127461, at *17 (III) (C) (N.D. Ga. Sept. 7, 2012), inquiring as to whether or not a security deed holder who does not also hold the promissory note, or have an interest in the underlying debt obligation, can validly institute foreclosure proceedings. Because there are no clear controlling precedents deciding this issue, the United States District Court for the Northern District of Georgia certified this question to the Supreme Court of Georgia. Id.

The Supreme Court of Georgia's decision in *You v. JP Morgan Chase Bank, N.A.*, Case No. S13Q0040 (docketed Sept. 13, 2012) will be dispositive of the question of whether Montgomery's complaint asserts a viable claim for relief against BAC. Accordingly, the Court should remand this case with instructions that any further proceedings in this matter should be stayed until the Supreme Court of Georgia has rendered its decision in *You*, supra, as we did in *U. S. Bank, N.A. v. Phillips*, 318 Ga. App. 819, 826 (4) (734 SE2d 799) (2012).