[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11671
Non-Argument Calendar
_____

D. C. Docket No. 1:12-cv-02126-SCJ

ADRIAN AMBARUS

Plaintiff-Appellant,

versus

BANK OF AMERICA, NA,
FEDERAL HOME LOAN MORTGAGE CORPORATION,
MCCALLA RAYMER, LLC,
BAC HOME LOANS SERVICING, LP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 1, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Adrian Ambarus appeals the district court's dismissal of his Amended Complaint alleging, *inter alia*, wrongful foreclosure on the basis of a fraudulently assigned security deed.  After review,[1] we conclude both of the arguments Ambarus raises on appeal fail, and we therefore affirm.

Ambarus first asserts the assignment of the security deed from Bank of America to BAC Home Loans Servicing was not valid.  Ambarus does not have standing to contest the validity of the assignment, however.  After the district court's order was issued, the Georgia Court of Appeals[2] held that a borrower lacks standing to challenge an assignment, as the borrower is not a party to the contract. *Montgomery v. Bank of Am.*, 740 S.E.2d 434, 437-38 (Ga. Ct. App. 2013).

Second, Ambarus contends the district court should have granted him leave to amend his Amended Complaint so he could plead fraudulent assignment with sufficient particularity.  Ambarus, who has had counsel throughout this litigation, never requested such leave from the district court.  It is well-settled law in this Circuit that "[a] district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed

---

[1]  A district court's order granting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*. *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 887 (11th Cir. 2013).

[2]  Ambarus's Amended Complaint contained a count alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*  The district court exercised supplemental jurisdiction over the claims brought pursuant to Georgia state law.  28 U.S.C. § 1367(a).

a motion to amend nor requested leave to amend before the district court." *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).

Thus, we affirm the district court's dismissal of Ambarus's Amended Complaint.

**AFFIRMED.**