[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13851
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-00353-MHS

STEVE Q. MUHAMMAD,

Plaintiff-Appellant,

versus

JPMORGAN CHASE BANK, NA,
LAW FIRM OF MCCALLA RAYMER, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 29, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Steve Q. Muhammad appeals the district court's dismissal of his pro se civil complaint, filed in response to foreclosure proceedings against his home, for failure to state a claim. On appeal, he argues that the district court erred by: (1)

dismissing his claims without first providing him an opportunity to amend his complaint; and (2) by failing to conduct a sua sponte inquiry into the validity of his security deed's assignment by Mortgage Electronic Registration Systems, Inc. ("MERS") to defendant J.P. Morgan Chase Bank, N.A. ("Chase") and into Chase's "standing" to foreclose.  After careful review, we affirm.

We review de novo the grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010).  Although pro se pleadings are construed liberally, a pro se appellant abandons an issue if he fails to raise it in his initial brief.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Where the plaintiff refers to certain documents in the complaint that are central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require

2

conversion of the motion into a motion for summary judgment.  Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997).[1]

First, we are unpersuaded by Muhammad's claim that the district court erred by dismissing his claims without first providing him an opportunity to amend his complaint.  A party may amend its pleading once as a matter of course within: (1) 21 days after serving it; or (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of certain motions, whichever is earlier.  Fed.R.Civ.P. 15(a)(1).  In other situations, a court should give leave to amend freely "when justice so requires." Fed.R.Civ.P. 15(a)(2).  "Where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, we have held that a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it," even if the plaintiff did not file a motion to amend or request leave to amend.  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc).  Although we negated this holding with respect to counseled litigants who did not file a motion to amend or request leave to amend in Wagner, that decision expressly did not address pro se litigants, and therefore did not apply to them.  See Wagner, 314 F.3d

---

[1]    Here, Muhammad's security deed, assignment contract, and notice of foreclosure were all mentioned in Muhammad's complaint and central to his claims.  Therefore, it was proper for the district court to consider those documents in ruling on the motion to dismiss.

at 542 n.1. While a pro se litigant must generally be given an opportunity to amend his complaint, a district court need not allow an amendment where it would be futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Id.

The Fair Debt Collection Practices Act ("FDCPA") prohibits debt collectors from, among other things, taking or threatening to take "any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A). It also prohibits using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

A claim for wrongful foreclosure under Georgia law can arise when the creditor has no legal right to foreclose. DeGolyer v. Green Tree Servicing, LLC, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008). Further, when a foreclosing creditor does not comply with their statutory duty to provide notice of sale in compliance with Georgia law, the debtor may sue for damages for the tort of wrongful foreclosure. Calhoun First Nat. Bank v. Dickens, 443 S.E.2d 837, 839 (Ga. 1994).

Georgia law permits nonjudicial power of sale foreclosures to enforce a debtor's obligation to repay a loan secured by real property. You v. JP Morgan

Chase Bank, N.A., 743 S.E.2d 428, 430 (2013).  The process "permits private parties to sell at auction, without any court oversight, property pledged as security by a debtor who has come into default."  Id.  Nonjudicial foreclosures are governed by contract law and limited statutory law.  Id. at 430-31.  The statute defines debtor as "the grantor of the mortgage, security deed, or other lien contract."  Ga. Code. Ann. § 44–14–162.1.  The statute refers to the other party to the foreclosure as the "secured creditor," but does not define that term.  You, 743 S.E.2d at 431; see generally Ga. Code Ann. §§ 44–14–160–162.4.  The statutory requirements "consist primarily of rules governing the manner and content of notice that must be given to a debtor in default prior to the conduct of a foreclosure sale."  You, 743 S.E.2d. at 431.  Under the statute, these notice requirements must be given to the debtor prior to a foreclosure sale:

> [n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

Ga. Code Ann. § 44–14–162.2(a).

In You, the Georgia Supreme Court clarified that the holder of a security deed possesses full authority to exercise the power of sale and foreclose after the

5

debtor's default, regardless of whether the holder also possesses the mortgage note or otherwise has a beneficial interest in the debt obligation underlying the security deed. You, 743 S.E.2d at 433. Moreover, the notice provided to the debtor need only identify "the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor," and, thus, the notice does not need to identify the secured creditor unless the secured creditor happens to be the party with such authority. Id. at 433-34 (quotation omitted).

Under Georgia law, property owners may also maintain an action for trespass under certain circumstances. See Ga. Code Ann. § 51-9-1. A trespass is "any wrongful, continuing interference with a right to the exclusive use and benefit of a property right." Lanier v. Burnette, 538 S.E.2d 476, 480 (Ga. Ct. App. 2000).

In this case, the district court dismissed Muhammad's action in July 2013, more than 21 days after service of a 12(b) motion, so Muhammad no longer had the right to amend his complaint once as a matter of course. Fed.R.Civ.P. 15(a). Moreover, while Bank is still applicable to pro se litigants like Muhammad, the district court did not err by dismissing the case with prejudice without granting leave to amend, because it correctly determined that amending the complaint would be futile. See Cockrell, 510 F.3d at 1310.

As the record shows here, Muhammad has alleged no facts suggesting that Chase did not have the legal right to foreclose -- and Chase submitted documents

showing the contrary.  The record further reflects that Chase, through local law firm McCalla Raymer, gave adequate notice.  Therefore, Muhammad would not have been able to state a claim under the FDCPA, a wrongful foreclosure claim, or a trespass claim even if he had been given the chance to amend his complaint, because each of those claims would have been predicated on improper foreclosure proceedings.  As a result, the district court did not err in dismissing Muhammad's complaint without giving him the opportunity to amend his pleadings.

We also find no merit in Muhammad's claim that the district court erred by failing to conduct a sua sponte inquiry into the validity of the assignment of the deed to Chase or into Chase's standing to foreclose.  Article III of the Constitution limits the power of the federal courts to resolving "cases" and "controversies." U.S. Const. art. III, § 2.  Standing is an essential and unchanging part of the case-or-controversy requirement.  DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008).  Standing requires the plaintiff to demonstrate injury in fact, causation, and redressability.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

In Montgomery v. Bank of America, 740 S.E.2d 434 (Ga. Ct. App. 2013), the Georgia Court of Appeals addressed another dispute that stemmed from MERS's assignment of a security interest.  The court held that under Georgia law, the assignment was a contract, and therefore the plaintiff homeowner -- who was

7

not a party to the assignment contract -- could not contest the validity of the assignment. Id. at 437-38.

As the record shows, Muhammad was not a party to the assignment at issue, so he could not contest the assignment under Georgia law. See id. We are unpersuaded by Muhammad's claim that even if he could not contest the assignment, the district court had a duty to independently inquire into its validity sua sponte. First, Chase foreclosed on Muhammad's property through an extra-judicial foreclosure sale, as authorized by Georgia law. See You, 743 S.E.2d at 430. As a result, the foreclosure did not involve a case and controversy before a federal court that would have triggered Article III's standing requirement. Second, the defendants did not counterclaim or seek damages for any injury in the instant case, so they were not plaintiffs subject to standing requirements before the district court. See Lujan, 504 U.S. at 560-61. For these reasons, the district court did not err by not investigating the validity of the assignment from MERS to Chase or Chase's standing to foreclose. Accordingly, we affirm the district court's grant of the defendants' motion to dismiss.

**AFFIRMED.**