[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15491
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-03971-TWT

AMY ROWE,
KENNETH ROWE,

Plaintiffs - Appellants,

versus

U.S. BANCORP,
d.b.a. U.S. Bank, NA, as Indenture
Trustee of the HomeBanc Mortgage Trust 2005-I,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2014)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants Amy and Kenneth Rowe (the "Rowes") appeal from

two orders of the district court in favor of Defendant-Appellee U.S. Bank: one

denying their motion to remand their action to state court and one dismissing the action.  The Rowes filed this suit following their default on a home mortgage loan and resulting foreclosure.  On appeal, the Rowes argue that: (1) the district court erred in concluding that the amount in controversy was satisfied for purposes of establishing the court's jurisdiction over the case; and (2) the district court erred by dismissing their challenge to the validity of the assignment of their mortgage to U.S. Bank.  After careful review, we affirm.

We review de novo the grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010).  We also review de novo the district court's denial of a motion to remand.  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

First, we are unpersuaded by the Rowes's claim that the district court lacked jurisdiction over the case because their complaint did not specifically state that the

2

amount in controversy exceeded the requisite $75,000. A federal district court has original jurisdiction over a case when the amount in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). When a plaintiff does not plead a specific amount of damages, a defendant wishing to remove the complaint from state court must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010).

To determine whether the amount in controversy is satisfied, "the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." Id. (quotation omitted). We've held that statements in prior pleadings are admissible evidence if the pleadings indicate that the party against whom they are admitted has adopted a position inconsistent with that in the earlier litigation. See Mitchell v. Fruehauf Corp., 568 F.2d 1139, 1147 (5th Cir. 1978).[1] But even if statements in prior pleadings are not conclusive in the amount-in-controversy

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

context, the Former Fifth Circuit has said that "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." Waller v. Prof. Ins. Corp., 296 F.2d 545, 548 (5th Cir. 1961).

In a complaint the Rowes filed before bringing this case -- a complaint that raised claims identical to the ones in the complaint here -- the Rowes expressly alleged that the amount in controversy exceeded the requisite $75,000 necessary to invoke the district court's diversity jurisdiction. There is no allegation that this statement was not made in good faith, and the Rowes never offered any explanation as to why the amount in controversy in this complaint is less than the amount in controversy under the prior complaint. What's more, the value of the property -- which the Rowes had purchased with a loan in the amount of $495,750,000 -- far exceeded the jurisdictional threshold of $75,000. The Rowes have not explained why the value of the loan should not be considered for amount-in-controversy purposes in the context of a foreclosure like this one, where the Rowes have alleged in the operative complaint that they were damaged by the loss of their home. Because the Rowes have offered nothing to contradict either their statement in the prior complaint nor the amount of the loan, U.S. Bank has demonstrated by a preponderance of the evidence that the amount in controversy was satisfied. Thus, the district court did not err in denying the motion to remand.

4

We also disagree with the Rowes's claim that the district court erred in dismissing their challenge to the validity of the assignment of their mortgage to U.S. Bank. To state a claim for wrongful foreclosure in Georgia, a plaintiff must allege "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of the duty and the injury it sustained, and damages." Gregorakos v. Wells Fargo Nat'l Ass'n, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007) (quotation omitted). Moreover, "a violation of the [foreclosure] statute[s] is necessary to constitute a wrongful foreclosure." McCarter v. Bankers Trust Co., 543 S.E.2d 755, 758 (Ga. Ct. App. 2000).

Article III of the Constitution limits the power of the federal courts to resolving "cases" and "controversies." U.S. Const. art. III, § 2. Standing is an essential and unchanging part of the case-or-controversy requirement. DiMaio v. Democratic Nat'l Comm., 520 F.3d 1299, 1301 (11th Cir. 2008). Standing requires the plaintiff to demonstrate injury in fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). In Montgomery v. Bank of America, 740 S.E.2d 434 (Ga. Ct. App. 2013), the Georgia Court of Appeals addressed a dispute that stemmed from the assignment of a security interest. The court held that under Georgia law, the assignment was a contract, and therefore the plaintiff homeowner -- who was not a party to the assignment contract -- could not contest the validity of the assignment. Id. at 437-38.

Here, just as in <u>Montgomery</u>, the Rowes lack standing to challenge the validity of the assignment to U.S. Bank.  As the record shows, they were not a party to the assignment at issue, so they could not contest the assignment under Georgia law.  <u>See id.</u>  To the extent they argue that they have standing because they've filed an affidavit of forgery under O.C.G.A. § 44-2-23 (repealed Jan. 1, 2013), it is clear that this statute applies only to deeds and not assignments or other recorded documents. <u>See</u> O.C.G.A. § 44-2-23 ("A recorded deed shall be admitted in evidence in any court without further proof unless the maker of the deed, one of his heirs, or the opposite party in the action files an affidavit that the deed is a forgery to the best of his knowledge and belief. Upon the filing of the affidavit, the genuineness of the alleged deed shall become an issue to be determined in the action.").  Further, this statute was repealed effective January 1, 2013, and the Rowes fail to explain how the statute still could affect their case.  Accordingly, the Rowes do not have standing to challenge the assignment.

Finally, as for their claim under the Georgia RICO statute based on the allegation that the signature of the corporate representative on the assignment is forged, it has no merit.  To state a Georgia RICO claim, a plaintiff must identify a "pattern of racketeering activity," which is defined as "engaging in at least two interrelated acts that have the same or similar intents, results, accomplices, victims, or methods of commission indictable under certain categories of state or federal

6

law."  Smith v. Morris, Manning & Martin, LLP, 666 S.E.2d 683, 695 (Ga. Ct. App. 2008) (quotation omitted).  A pattern of racketeering activity cannot be based on a single transaction.  Perimeter Realty v. GAPI, Inc., 533 S.E.2d 136, 144 (Ga. Ct. App. 2000) (holding two closings relating to acquisition of property were part of one transaction and did not constitute pattern of racketeering activity).  Plus, "[a] private RICO plaintiff must show a direct nexus between at least one of the predicate acts listed under the RICO Act and the injury it purportedly sustained. To establish this nexus, the plaintiff must show that one of the predicate acts directly harmed it, not a third party."  Smith, 666 S.E.2d at 695-96 (quotation omitted).

Here, the Rowes have failed to allege that U.S. Bank engaged in a single act of racketeering -- let alone a pattern of racketeering activity.  Their only allegation is that the signatory of the assignment did not actually execute the document, not that U.S. Bank forged that signature.  Further, this single transaction could not constitute a pattern of racketeering activity.  Nor could the Rowes establish a nexus between any alleged forgery on the assignment and the injury they purportedly sustained -- the loss of their home -- because they admit that the foreclosure was the result of their default on the loan, not any forgery of the assignment.  In short, the Rowes' conclusory allegation that some unspecified person forged the signature on the assignment fails to state a claim under the Georgia RICO statute.

**AFFIRMED.**

7