[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11190
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cv-03895-TCB

DOROTHY BROWN PARKER,

                                                                    Plaintiff-Appellant,

versus

US BANK NATIONAL ASSOCIATION,
as Trustee for Adjustable Rate Mortgage Trust 2005-7,
Adjustable Rate Mortgage Backed Pass Through Certificates, Series 2005-7,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 18, 2014)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

    Dorothy Parker, proceeding pro se, appeals following the district court's

dismissal of her suit against United States Bank National Association ("U.S.

Bank"), which alleged state law claims for fraud, slander of title, wrongful foreclosure, intentional infliction of emotional distress ("IIED"), negligence, and unjust enrichment arising from U.S. Bank's foreclosure of her property.    On appeal, Parker argues that: (1) the district court erred in granting U.S. Bank's motion to set aside the entry of default against it because it failed to show good cause to set aside the entry of default; and (2) the district court erred in dismissing her complaint because she had standing to bring her claims against U.S. Bank and U.S. Bank did not have the authority to foreclose on her property because it was not the secured creditor of her promissory note.  After careful review, we affirm.

We review for abuse of discretion a district court's ruling on a motion to set aside an entry of default.  Compania Interamericana v. Compania Dominicana, 88 F.3d 948, 950 (11th Cir. 1996).  We review de novo a grant of a motion to dismiss, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).

First, we are unpersuaded by Parker's claim that the district court erred in granting U.S. Bank's motion to set aside the entry of default against it.  Rule 55(c) of the Federal Rules of Civil Procedure provides, in relevant part: "[t]he court may set aside an entry of default for good cause."  Fed.R.Civ.P. 55(c).  To determine what constitutes good cause, courts have considered, but are not limited to, factors

2

such as the willfulness of the default, whether setting it aside would prejudice the adversary, and whether the defaulting party would have a meritorious defense. Compania Interamericana, 88 F.3d at 951. Also relevant to whether good cause exists is whether the defaulting party promptly corrected the default. Id.

In this case, the district court did not abuse its discretion in granting U.S. Bank's motion to set aside the entry of default because U.S. Bank demonstrated good cause to set aside the entry of default. Although U.S. Bank failed to answer Parker's complaint within the requisite 21-day time period, it responded by filing a motion to dismiss as soon as the relevant individuals received the complaint, it filed the motion to dismiss within three weeks after the deadline, and it promptly responded to the entry of default within the 14-day deadline provided by the district court. Therefore, U.S. Bank's default was not willful and it promptly corrected the default. Moreover, Parker failed to demonstrate that she would suffer prejudice from setting aside the entry of default, and as we explain below, U.S. Bank had a meritorious defense to her suit.

Indeed, we find no merit to Parker's claim that the district court erred in dismissing her complaint for lack of standing. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although the complaint does not need detailed factual allegations, it must provide the grounds for relief, which "requires more than labels

3

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In order to state a claim, the plaintiff must allege enough facts to make the claim "plausible on its face." Id. at 570. A complaint does not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). We construe a pro se complaint more liberally than we do formal pleadings drafted by lawyers. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). However, our duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006). In diversity cases, a federal court must apply the laws of the state in which the federal court sits. Colonial Life & Accident Ins. Co., v. Hartford Fire Ins. Co., 358 F.3d 1306, 1308 (11th Cir. 2004).

In Montgomery v. Bank of America, 740 S.E.2d 434 (Ga. Ct. App. 2013), the Georgia state appellate court addressed whether the plaintiff had standing to challenge the validity of an assignment of his security deed between Mortgage Electronic Registration Systems, Inc. ("MERS") and Bank of America. Id. at 437-38. The court concluded that because the assignment of the deed was contractual

4

and the plaintiff was not a party to the assignment, he lacked standing to contest the validity of the assignment. Id. at 438.

In You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428 (Ga. 2013), the Georgia Supreme Court dealt with, inter alia, the question of whether a party seeking to exercise a power of sale in a deed to secure debt must hold both the deed and the promissory note. Id. at 429. In You, the claimants defaulted on their loan and JP Morgan initiated non-judicial foreclosure proceedings against the claimants' property. Id. After filing suit, the claimants argued that JP Morgan was not authorized to foreclose on their property because, although it held the security deed, it did not hold the note evidencing the debt in default. Id. at 431. The Georgia Supreme Court rejected the claimants' argument, reasoning that Georgia law did not specify that the foreclosing party must hold the note in addition to the deed before exercising the power of sale, the Georgia Supreme Court continually recognized the stand-alone enforceability of a security deed apart from the note, and the practice of securitization often involved the decoupling of the loan from the deed. Id. at 431-33. Accordingly, the Georgia Supreme Court held that under Georgia law, "the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." Id. at 433.

The district court did not err in dismissing Parker's complaint. Based on Georgia law, the applicable law here, Parker would not have standing to contest the validity of the assignment to U.S. Bank because she was not a party to the assignment. See Montgomery, 740 S.E.2d at 438. Even if Parker did have standing, however, the district court properly dismissed her complaint because she attached to it exhibits showing that U.S. Bank was an assignee and holder of her security deed. Moreover, Parker does not contest that U.S. Bank was the holder of her security deed. Therefore, as holder of the security deed, U.S. Bank had the authority to foreclose on Parker's property. See You, 743 S.E.2d at 433.

**AFFIRMED**.