[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14975
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-04167-WBH


NISHA D. MARTIN,

Plaintiff-Appellant,

versus

EVERBANK,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 17, 2015)

Before TJOFLAT, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Nisha Martin appeals pro se the district court's dismissal of her complaint against Defendant-Appellee EverBank for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  After review, we affirm.[1]

## I.  BACKGROUND

This appeal arises out of a mortgage loan that Martin obtained from Home Star Mortgage Services, LLC ("Home Star").

On March 26, 2003, Martin executed a promissory note, in the amount of $159,526, in favor of Home Star.  To secure repayment of the debt, Martin granted Home Star's nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"), a security deed which encumbered her real property.  The deed conveyed the power of sale to MERS as well as to its successors and assigns.  The security deed specifically contemplated the assignment of MERS's rights and interests in the deed, including the right to foreclose and sell Martin's property.

MERS subsequently assigned the security deed, along with "all the rights, powers and privileges therein contained," to EverBank, the defendant-appellee here.  On December 30, 2009, the assignment was recorded in the Superior Court of Clayton County, Georgia.  After Plaintiff-Appellant Martin defaulted on her

---

[1]We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the complaint's factual allegations as true and construing them in the light most favorable to the plaintiff.  Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012).

mortgage payments, Defendant-Appellee EverBank foreclosed on her property on December 3, 2013.

On December 17, 2013, Plaintiff-Appellant Martin filed a diversity complaint against Defendant-Appellee EverBank, alleging claims of fraud, slander of title, wrongful foreclosure, intentional infliction of emotional distress, and unjust enrichment. Although Martin conceded to owing an obligation on the promissory note, Martin contended that EverBank was not the "secured creditor" and therefore did not have the authority to foreclose on her property. Specifically, Martin alleged that EverBank did not possess the note and had not been validly assigned the security deed. According to Martin, EverBank "outsourced" individuals to pose as officers from MERS and fraudulently execute the assignment on behalf of MERS. EverBank moved to dismiss.

On September 30, 2014, the district court granted Defendant-Appellee EverBank's motion to dismiss because Martin "entirely failed to state a claim for fraud, slander of title, wrongful foreclosure, intentional infliction of emotion[al] distress, and unjust enrichment." The district court found that (1) once a mortgage borrower defaults on a loan, the holder of the security deed has a legal right to foreclose on the property and can assign that right (or the deed) to whomever it wants, and (2) the borrower has no standing to challenge that assignment. Thus, Martin's "claims about fraudulent transfers [were] meaningless."

Martin timely appealed.

## II.  DISCUSSION

On appeal, Plaintiff-Appellant Martin argues the district court erred by (1) concluding that she lacked standing to challenge the assignment of her security deed to EverBank, (2) ignoring her evidence that the assignment was fabricated, and (3) finding that EverBank had the legal right to foreclose on her property without also holding and producing the promissory note.[2]  Martin's arguments lack merit.

The district court correctly found that Martin did not have standing to challenge the validity of the assignment from MERS to EverBank.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 437-38 (Ga. Ct. App. 2013) (holding that the borrower plaintiff lacked standing to contest the assignment of his security deed between two banks because he was not a party to that contractual assignment).  Because Martin lacked standing, the district court did not need to evaluate Martin's factual allegations that the assignment was fabricated.

In any event, the exhibits attached to Martin's complaint showed that EverBank was the assignee of record and the holder of a security deed granting it the power of sale.  As the undisputed holder of the deed, EverBank had the legal right to foreclose on Martin's property.

---

[2]We reject Martin's other arguments without further discussion.

4

Martin's argument to the contrary is squarely foreclosed by the Georgia Supreme Court's decision in You v. JP Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013) ("[T]he holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."). EverBank did not need to hold the note to foreclose on Martin's property.

For these reasons, we affirm the district court's dismissal of Martin's complaint.

**AFFIRMED.**