[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14211
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03301-CAP


FRANCENE MCCLOUD,

                                        Plaintiff - Appellant,

versus

HSBC BANK USA, NA,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 28, 2015)


Before TJOFLAT, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Francene McCloud, proceeding pro se, appeals the district court's grant of summary judgment in favor of HSBC Bank USA, N.A. ("HSBC").  In this civil action, McCloud alleged that HSBC foreclosed improperly on her real property ("Property"), in violation of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692g ("FDCPA"), and Georgia foreclosure law.  No reversible error has been shown; we affirm.[1]

Construed liberally, McCloud raises three issues on appeal: (1) summary judgment was improper because HSBC lacked standing to foreclose on the Property; (2) HSBC failed to comply with the notice requirements of the FDCPA and of Georgia foreclosure law; and (3) the district court's grant of summary judgment deprived McCloud of her Sixth Amendment right to a jury trial.

First, we conclude that HSBC had standing to foreclose on the Property. McCloud financed her purchase of the Property through a mortgage loan secured by a Security Deed in favor of Vanguard Mortgage Corporation and its "successors and assigns."  The Security Deed was later assigned by Vanguard to different

---

[1] We review the district court's grant of summary judgment de novo, and we view the evidence and all reasonable factual inferences in the light most favorable to the nonmoving party.  Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).  We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

intermediate financial institutions, and ultimately to HSBC.[2]  The Security Deed grants to HSBC, as one of Vanguard's "successors and assigns," a security interest in the Property "with power of sale."  Thus, HSBC was authorized expressly to foreclose on the Property.

Contrary to McCloud's assertions, Georgia law provides that an assignee of a security interest may foreclose upon the collateral securing the debt, even if the assignee holds no promissory note evidencing the underlying debt.  See You v. JP Morgan Chase Bank, 743 S.E.2d 428, 429 (Ga. 2013).  Moreover, the security interest in the Property survived McCloud's bankruptcy proceeding, which discharged only McCloud's personal liability for the underlying debt.  See Bank of Am., v. Cuneo, 770 S.E.2d 48, 53 (Ga. Ct. App. 2015).

About McCloud's second argument, the record demonstrates that HSBC complied with both the FDCPA and with Georgia law in pursuing foreclosure on the Property.  First, HSBC sent McCloud proper written notice of the debt, in compliance with 15 U.S.C. § 1692g(a).  And, in response to McCloud's dispute letter, HSBC provided McCloud with information verifying the debt, as required under 15 U.S.C. § 1692g(b).  HSBC also provided McCloud with proper written notice of the foreclosure sale, in compliance with O.C.G.A. § 44-14-162.2(a).

---

[2] McCloud -- as a non-party to the assignments -- lacks standing to challenge the validity of the assignments.  See Montgomery v. Bank of Am., 740 S.E.2d 434, 438 (Ga. Ct. App. 2013).

We also reject McCloud's Sixth Amendment argument:  an argument foreclosed by our circuit precedent.  See Itel Capital Corp. v. Cups Coal Co., 707 F.2d 1253, 1261 (11th Cir. 1983) ("where no issue of fact remains, summary judgment decides only questions of law and does not deprive the losing party of its jury trial right.").

No genuine issue of material fact exists; the district court committed no error in granting HSBC summary judgment.

AFFIRMED.