[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14036
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03149-TWT

JOAN HAYNES,
TROY WAYNE HAYNES,

                                        Plaintiffs - Appellants,

versus

MCCALLA RAYMER, LLC,
BAC HOME LOANS SERVICING, LP,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS (MERS),

                                        Defendants - Appellees,

CHARLES TROY CROUSE, et al.,

                                        Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 13, 2015)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

MARCUS, Circuit Judge:

Joan Haynes and Troy Wayne Haynes (the "Haynes") appeal from the final order of the district court granting summary judgment in favor of Defendants-Appellees McCalla Raymer, LLC, BAC Home Loans Servicing, LP (now Bank of America, N.A. or "BANA"), and Mortgage Electronic Registration Systems ("MERS"), in this action arising out of BANA's foreclosure of the Haynes's residence.  In the complaint, as amended, the Haynes alleged wrongful foreclosure, fraud, civil conspiracy, as well as violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("the FDCPA"), and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO").  On appeal, the Haynes argue that: (1) the district court failed to consider their objections to the magistrate judge's Report and Recommendation ("R&R"); (2) the district court erred in denying their motion to add a party and amend the complaint; (3) the district court erred in granting summary judgment to McCalla Raymer on the FDCPA claim; and (4) the district court erred in granting summary judgment to BANA on the wrongful foreclosure claim.  After thorough review, we affirm.

"We review a district court's grant of summary judgment de novo," viewing all of the facts in the record in the light most favorable to the non-movant.  See

2

Skop v. City of Atlanta, 485 F.3d 1130, 1136 (11th Cir. 2007).  Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  We review the district court's denial of a motion for leave to amend for abuse of discretion.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336 (11th Cir. 2010).  We may affirm the district court's ruling on any ground supported by the record.  Kernel Records Oy v. Mosley, 694 F.3d 1294, 1309 (11th Cir. 2012).

First, we are unpersuaded by the Haynes's claim that the district court failed to consider their objections to the R&R.  "In the absence of some affirmative indication to the contrary, we assume all courts base rulings upon a review of the entire record."  Funchess v. Wainwright, 772 F.2d 683, 694 (11th Cir. 1985).  The Haynes have pointed to nothing in the record to suggest that the district court did not consider their objections, which were filed before the district court issued its order.  Thus, we assume the district court reviewed the objections and rejected them.

In any event, even if the objections were not considered, the arguments were repetitive of those they had made to the magistrate judge.[1]  Because, as we discuss

---

[1] The Haynes expressly argued in their cross motion for summary judgment that they "were not given the proper notice as to who had the full authority to modify all terms of their mortgage under O.C.G.A. § 44-14-162.2(a) in the . . . Notice of Foreclosure Sale."   The Haynes also

below, there was no merit to the Haynes's claims, any failure to review them would have been harmless error.  See Braxton v. Estelle, 641 F.2d 392, 397 (5th Cir. Unit A Apr. 1981) (per curiam) (holding that because "the district judge could assess the merits of the petition from its face," the district court's failure to review objections by the petitioner, who may have not received notice of the R&R, was harmless (quotation omitted)); Rutledge v. Wainwright, 625 F.2d 1200, 1206 (5th Cir. 1980) (finding "any error [by the district court] in not reviewing objections before issuing the order adopting the report" to be harmless).[2]

We also find no merit to the Haynes's claim that the district court abused its discretion in denying their motion for leave to file a third amended complaint. Under the Federal Rules of Civil Procedure, parties may amend their pleading once as a matter of course within twenty-one days after service of a motion under Rule 12(b).  Fed. R. Civ. P. 15(a).  Otherwise, a pleading may be amended only by the parties' consent or leave of court.  Id.  "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous

---

argued that the lack of an official witness and forged signatures on the assignment of the security deed from MERS to BANA rendered it unfit for recording in violation of O.C.G.A. § 44-14-162(b). Finally, the Haynes argued in their motion to amend their complaint that "Fannie Mae [is] a party in interest claiming ownership of the Property," and thus a necessary party to the instant action.  The Haynes's objections to the R&R merely rehashed these very same arguments after the magistrate judge rejected them in her R&R.

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

4

grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. Ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003) (alteration in original) (quotations omitted). "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and amendment would further delay the proceedings." Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1186 (11th Cir. 2013).

The Haynes claim that they sought to amend the complaint for a third time to include Fannie Mae as an indispensable party, and to add a breach of contract claim they learned about during discovery. However, the record reveals that discovery closed on August 8, 2013, the Defendants moved for summary judgment on September 6, 2013, and the Haynes did not move to file their third amended complaint until September 27, 2013 -- two years after the original complaint was filed. Moreover, by Ms. Haynes's own admission, she was in contact with Fannie Mae -- the party the Haynes sought to add -- prior to the foreclosure of the property in September 2010. And she was aware of the alleged confusion regarding the identity of the party that retained the power to modify her mortgage prior to the foreclosure and immediately thereafter. The magistrate judge found that "the information necessary to assert the new claims [was] available to Plaintiffs at the inception of their lawsuit" in September 2011. The Haynes have not explained

how the magistrate judge clearly erred in making this factual finding, nor how their failure to make these proposed amendments at an earlier stage in the litigation does not constitute undue delay.  The district court did not abuse its discretion in denying the Haynes leave to amend their complaint for the third time given their longstanding knowledge of the facts supporting the proposed amendments and the late stage at which they sought leave to amend -- after both the close of discovery and the defendants' filing of motions for summary judgment.  See Tampa Bay Water, 731 F.3d at 1186-87.

Next, we reject the Haynes's argument that the district court erred in granting summary judgment to the Defendants on the FDCPA claim.  We have held that we will not consider any arguments a party attempts to incorporate by reference to filings in the district court.  See Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr S.A., 377 F.3d 1164, 1168 n.4 (11th Cir.2004) ("We now take the opportunity to join the many other Circuits that have rejected the practice of incorporating by reference arguments made to district courts, and we hold that Consorcio has waived the arguments it has not properly presented for review.").  In the opening brief before us, the Haynes say: "In the interest of judicial economy Appellants ask this court to refer to their Objections brief section 'III' for their argument."  Because the Haynes have failed to make any substantive argument to us on the propriety of their FDCPA claims in their opening brief, they have

6

abandoned this claim on appeal. See Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987) ("It is well settled that a party cannot argue an issue in its reply brief that was not preserved in its initial brief.").

Finally, we are unconvinced by the Haynes's argument that the district court erred in granting summary judgment to BANA on the wrongful foreclosure claim. They assert three theories of wrongful foreclosure: (1) the lack of a valid official witness to the assignment rendered the deed facially defective and not fit for recording in violation of O.C.G.A. § 44-14-162(b); (2) forged signatures on the deed violated O.C.G.A. § 23-2-114 and rendered the assigned deed a nullity; and (3) the improper identification of BANA as the entity having full authority to modify the loan violated the notice requirement in O.C.G.A. § 44-14-162.2. None of these theories prevail.

As for their first two theories, a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law. Haldi v. Piedmont Nephrology Assocs., P.C., 641 S.E.2d 298, 300 (Ga. Ct. App. 2007) (holding that the plaintiff did not have standing to challenge the contract because he was neither a party to the contract nor an intended beneficiary of it); Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) ("Appellants are strangers to the assignment contract between appellee and [his privy] and thus have no standing to challenge its validity."). This

7

case law is consistent with the Georgia Code, which provides that "an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-2-20(a).

In this case, the Haynes are not parties to the assignment they are challenging -- it is between MERS and BANA.  Georgia courts have previously addressed similar claims and found that the homeowners lacked standing to challenge the assignment.  See Montgomery v. Bank of Am., 740 S.E.2d 434 (Ga. Ct. App. 2013), cert. denied (Sep. 9, 2013).  In Montgomery, a homeowner claimed that an assignment between MERS and BANA prior to the foreclosure of his home was invalid because the attorney who purportedly executed the assignment on MERS's behalf did not, in fact, execute the assignment -- in essence, the claim was one of forgery.  Id. at 437-38.  Under Georgia law, unless it is later ratified, a forged deed is a nullity which cannot vest title even in a bona fide purchaser for value who takes without notice.  See Brock v. Yale Mortg. Corp., 700 S.E.2d 583, 586-87 (Ga. 2010) (noting that forged deeds cannot convey good title to a grantee).  Thus, if the assignment was successfully attacked, the homeowner would have a valid claim of wrongful foreclosure.  See Brown v. Freedman, 474 S.E.2d 73, 75 (Ga. Ct. App 1996) ("A claim for wrongful exercise of a power of sale under [O.C.G.A.] § 23-2-114 can arise when the creditor has no

8

legal right to foreclose [such as where they do not possess a valid security deed].").

However, relying on O.C.G.A. § 9-2-20(a), the Montgomery court held that the

homeowner did not have standing to bring his claim because he was not a party to

the allegedly forged assignment nor an intended beneficiary thereof. Montgomery,

740 S.E.2d at 437-38 & n.7; see also Larose v. Bank of Am., NA, 740 S.E.2d 882,

884 (Ga. Ct. App. 2013) (noting that a borrower lacked standing to challenge the

validity of the assignment from MERS to the foreclosing entity). For the same

reason, the Haynes also lack standing to bring their claim.

The Haynes argue that Montgomery applies only when defects within an

assignment -- such as forged signatures -- are latent, and that the notary's improper

execution on the assignment in this case was patent. However, there is absolutely

nothing in Montgomery limiting its holding to latent defects, nor have the Haynes

cited any case law squarely limiting Montgomery in this way. To be sure, security

deeds are subject to the same attestation requirements for recording as deeds and

mortgages. See O.C.G.A. §§ 44-14-61, 44-14-64. Accordingly, they must be

acknowledged by an officer (such as a notary) before they may be recorded and

provide constructive notice of the assignment to subsequent bona fide purchasers.

See O.C.G.A. §§ 44-2-15, 44-14-33; see also Hopkins v. Va. Highland Assocs.,

L.P., 541 S.E.2d 386, 390 (Ga. Ct. App. 2000) ("[A] deed not executed in precisely

the manner prescribed . . . is not properly recordable and therefore does not give constructive notice to all the world." (quotation omitted)).

But -- unlike a forged deed -- a deed with a patent defect in attestation is not a nullity. Rather, it is still binding between the parties to the assignment. See id. ("[A]n improperly attested deed may be valid and binding between the parties themselves . . . ."); Bramblett v. Bramblett, 310 S.E.2d 897, 898 (Ga. 1984) (finding that even when a deed is lacking any attestation, the "deed may be valid between the parties"). In this context, the inability to record the deed impacts only subsequent purchasers of the property. As the Georgia Supreme Court has said, the purpose of Georgia's statutory recording requirements "is to protect third parties acting in good faith and without notice who have acquired an interest in the same property" after the improperly recorded transfer or assignment. Leeds Bldg. Prods., Inc. v. Sears Mortg. Corp., 477 S.E.2d 565, 568 (Ga. 1996) (emphasis added). However, the Georgia Supreme Court has noted that the statutory protection granted to borrowers in the context of foreclosure -- including O.C.G.A. § 44-14-162 -- has "evolved as a means of providing limited consumer protection while preserving in large measure the traditional freedom of the contracting parties." You v. JP Morgan Chase Bank, 743 S.E.2d 428, 430-31 (Ga. 2013) (emphasis added). The "limited" nature of that consumer protection is further evidenced by the language of § 44-14-162(b) itself, which provides only that "[t]he

security instrument [providing the power to foreclose] . . . shall be <u>filed</u> prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-14-162(b) (emphasis added). It says nothing of when (or even if) the deed must actually be <u>recorded</u>. <u>See</u> <u>Leeds Bldg.</u> <u>Prds.</u>, 477 S.E.2d at 568 (noting that a deed provides notice "from the time it is filed for record in the clerk's office" as opposed to when it is actually recorded (quotation omitted)).

In sum, Georgia law is clear that borrowers do not have standing to attack a forged assignment of their security deed, which -- if attacked by a party with standing -- would provide the basis for a claim of wrongful foreclosure. <u>See</u> <u>Brown</u>, 474 S.E.2d at 75. In light of that fact, as well as the "limited" nature of the protection that § 44-14-162 affords the Haynes (who are not bona fide purchasers for value after the complained-of assignment), we see no reason that the patent defect in attestation at issue here would provide them with standing to challenge an otherwise effective, if not properly recordable, assignment of their security deed. They were simply not parties to the assignment and have demonstrated no other right to challenge it. As a result, the district court did not err in concluding that the Haynes lack standing to bring these claims even though the assignment allegedly contained a patent defect in attestation.

11

As for the Haynes's § 44-14-162.2 claim -- that the foreclosure notice identified BANA, the loan servicer, as the entity with full authority to modify their loan despite the fact that Fannie Mae was ultimately responsible for the decision -- Georgia courts have repeatedly held that "substantial compliance" is all that is required in this context. See TKW Partners, LLC v. Archer Capital Fund, L.P., 691 S.E.2d 300, 303 (Ga. Ct. App. 2010) (holding that identification of attorney as individual with full authority "substantially complied" with statute since it provided the borrower with "contact information for the 'entity' with full modification authority"). Indeed, Georgia courts have found that foreclosure notices substantially comply with § 44-14-162.2 so long as the party listed in the notice was authorized to convey communications to the party that retains full authority to modify the loan, Stowers v. Branch Banking & Trust Co., 731 S.E.2d 367, 369-70 (Ga. Ct. App. 2012), or if the notice "apprised [the borrower] of the appropriate contact information" in the event the borrower "wished to pursue a modification," TKW Partners, 691 S.E.2d at 303. The Haynes admit that BANA directed them to Fannie Mae to modify their loan. They also admit that Fannie Mae was the entity with full authority to modify their loan. It thus appears that under TKW Partners, the notice the Haynes received substantially complied with Georgia's statutory notice requirements.

12

But even if the notice did not fully comply with Georgia law, the Haynes's claim for wrongful foreclosure would still fail because they cannot show a causal connection between this breach and a resulting injury. A plaintiff seeking damages for wrongful foreclosure must "establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E.2d 842, 844 (Ga. Ct. App. 2004). To plead causation, litigants must allege that their injury was caused by the defendant's acts or omissions. Id. at 844-45. The undisputed record reveals that Ms. Haynes failed to make two payments on the loan and thereafter made only partial payments. Moreover, despite being in contact with Fannie Mae -- the entity with full authority to modify the loan -- the Haynes failed to make payments on a proposed trial modification that could have staved off the foreclosure. Thus, any injury the Haynes suffered is the direct result of their own default on the loan and failure to successfully negotiate and abide by more favorable terms. It is not the result of any allegedly inadequate information included in the notice of foreclosure sale. See id. ("Heritage Creek's alleged injury was solely attributable to its own acts or omissions both before and after the foreclosure [including its loan defaults and its failure to bid on the property at the foreclosure sale or repurchase the property after the foreclosure]."). The Haynes have failed to show any disputed issue of material fact indicating that their

13

"confusion," rather than the missed payments, led to the foreclosure.  As a result, the district court did not err in rejecting their § 44-14-162.2 claim.

**AFFIRMED**.