Pamela M. TIMBES, Plaintiff–
Appellant,

v.

DEUTCHE BANK NATIONAL TRUST
COMPANY, as Indenture Trustee
FOR AMERICAN HOME MORT-
GAGE INVESTMENT TRUST 2005–3,
Ocwen Loan Servicing, LLC, Aldridge
Pite, LLP, f.k.a. Aldridge Conners, De-
fendants–Appellees.

No. 17–10556
Non–Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(September 6, 2017)

■■■■■■■■■■■■■■■■

Pamela M. Timbes, St. Simons Island, GA, pro se.

Mark J. Windham, Matthew R. Brooks, Marlee Jean Waxelbaum, Troutman Sanders, LLP, Dallas R. Ivey, Viraj Prashant Deshmukh, Aldridge Pite, LLP, Atlanta, GA, for Defendants–Appellees.

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Pamela Timbes, proceeding *pro se*, appeals the district court's denial of her motion to remand to state court and dismissal of her complaint against Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen"), and Aldridge Pite, LLP ("Aldridge"), raising state and federal claims related to the foreclosure of her property. After the defendants removed her complaint from state court, the district court denied Timbes's motion to remand and dismissed her complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. On appeal, Timbes argues that the district court should have declined to exercise jurisdiction and instead remanded her complaint to state court. She also challenges the dismissal of her complaint. After careful review, we affirm.

## I.

In connection with the purchase of her home in St. Simons Island, Georgia, in 2005, Timbes executed a security deed to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for American Home Mortgage Acceptance, Inc. The security deed contained a power-of-sale provision authorizing a non-judicial foreclosure sale in the event of default. In 2010, the security deed was assigned to Deutsche Bank and recorded in Glynn County, Georgia, where St. Simons Island is located.

Timbes alleges that the assignment to Deutsche Bank was prepared and signed by Lender Processing Services ("LPS"), which she says is "a known document fabricator" for lenders and law firms.

In December 2015, Aldridge placed an advertisement for foreclosure of Timbes's property in *The Brunswick News*. Then on January 5, 2016, Deutsche Bank exercised the power of sale in the security deed and conducted a non-judicial foreclosure sale of the property.

The day before the scheduled foreclosure sale, Timbes filed suit against Deutsche Bank, Ocwen, and Aldridge in Georgia state court. In her complaint, Timbes brought causes of action for fraud upon the court, void assignment of a deed, wrongful foreclosure, violations of the Georgia and federal Racketeer Influenced and Corrupt Organizations Acts, and violations of the Fair Debt Collection Practices Act ("FDCPA").

With Aldridge's consent, Deutsche Bank and Ocwen removed the case to the United States District Court for the Southern District of Georgia. Soon after, Timbes moved to remand the case and to stay ruling on a motion to dismiss that had been filed in state court. The defendants moved to dismiss the complaint for failure to state a claim. Timbes did not respond to the motions to dismiss.

In January 2017, the district court denied Timbes's motion to remand and granted the defendants' motion to dismiss. The court rejected Timbes's contention that the *Rooker–Feldman* doctrine barred its exercise of jurisdiction, reasoning that the doctrine did not apply because Timbes's challenge to the non-judicial foreclosure sale did not concern any state court

judgment. On the merits, the court found that most of Timbes's claims rested on the alleged invalidity of the assignment, which she lacked standing to challenge under Georgia law. As for her claim under the FDCPA, the court found that her allegations were insufficient to show a violation. Accordingly, the court dismissed the complaint with prejudice. Timbes now appeals.

## II.

Timbes first argues that the district court should have remanded her complaint to state court either because it lacked subject-matter jurisdiction under the *Rooker–Feldman*[1] doctrine or because abstention was warranted under the *Younger*[2] abstention doctrine. We review *de novo* a district court's denial of a motion to remand. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

"Generally speaking, the *Rooker–Feldman* doctrine bars federal district courts from reviewing state court decisions." *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009). Somewhat relatedly, the *Younger* abstention doctrine prohibits federal courts from interfering with or enjoining certain ongoing state proceedings, such as criminal prosecutions, civil proceedings that are akin to a criminal prosecution, or "strictly civil proceedings which implicate state courts' important interests in administering certain aspects of their judicial systems." *Green v. Jefferson Cty. Comm'n*, 563 F.3d 1243, 1250–51 (11th Cir. 2009) (internal quotation marks omitted).

Neither doctrine applies, however, where there is no state proceeding, either concluded or ongoing, to which the present federal action relates. No related state proceeding is involved in this case. It is undisputed that Timbes's property was sold through *non-judicial* foreclosure proceedings under Georgia law. *See You v. JP Morgan Chase Bank*, 293 Ga. 67, 743 S.E.2d 428, 430 (2013) (stating that Georgia law "authorizes the use of non-judicial power of sale foreclosure as a means of enforcing a debtor's obligation to repay a loan secured by real property") (internal quotation marks omitted). The non-judicial foreclosure process, which is governed primarily by contract law with some "limited" statutory consumer protections, "permits private parties to sell at auction, without any court oversight, property pledged as security by a debtor who has come into default." *Id.*

Because Timbes's property was sold through non-judicial foreclosure proceedings, it was conducted without court oversight, which means that there was no state-court proceeding, no state-court judgment, and no sheriff's sale. Therefore, *Rooker–Feldman* does not apply because there is no state-court judgment that could be reviewed, and *Younger* does not apply because there is no pending state-court or court-like proceeding with which the federal district court could interfere by exercising jurisdiction over the case. Timbes does not otherwise dispute that the district court had federal subject-matter jurisdiction over her complaint in light of her federal claims. *See* 28 U.S.C. § 1331. Accordingly, we affirm the denial of her motion to remand.

## III.

Next, Timbes argues that the district court denied her due process of law by

---

1. The *Rooker–Feldman* doctrine is named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

2. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

denying her motion to remand and granting the motions to dismiss her complaint, in a single order, without ruling on her motion to stay. She asserts that the district court erred in dismissing her complaint on the ground that she lacked standing to challenge the assignment. Timbes notes that the Supreme Court of Georgia has indicated that O.C.G.A. § 44–14–162(b) could provide a debtor with standing to challenge a foreclosure. Finally, she argues that she should have been allowed to amend her complaint.

We review *de novo* the dismissal of a complaint for failure to state a claim under Rule 12(b)(6), accepting as true the facts alleged in the complaint and construing them in the light most favorable to the plaintiff. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). To withstand dismissal, a plaintiff must plead sufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). While we liberally interpret briefs filed by *pro se* litigants, issues not briefed on appeal are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

We review for an abuse of discretion a district court's denial of a motion to stay litigation. *Klay v. All Defendants*, 389 F.3d 1191, 1203 (11th Cir. 2004).

█ As an initial matter, even liberally construing her initial brief on appeal, we find no argument Timbes has raised as to the district court's dismissal of her FDCPA claim, so she has abandoned that issue. *See Timson*, 518 F.3d at 874. As for

Timbes's right to due process, the district court did not violate it by denying her motion to remand at the same time the court granted the motions to dismiss. The motion to remand was properly denied, and Timbes had nearly a year to respond to the motions to dismiss. Nor is there any indication in the record that the district court otherwise acted in a manner inconsistent with due process.

█ Turning to Timbes's challenge to the validity of the assignment, we agree with the district court that she lacks standing to contest the assignment. Under Georgia law, "a person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015). Therefore, a borrower ordinarily lacks standing to challenge an assignment of her security deed because she is not a party to the assignment or its intended beneficiary. *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 783 S.E.2d 614, 620 (2016); *Jurden v. HSBC Mortg. Corp.*, 330 Ga.App. 179, 765 S.E.2d 440, 442 (2014).

Even in cases alleging forgery, we have found that "Georgia law is clear that borrowers do not have standing to attack a forged assignment of their security deed, which—if attacked by a party with standing—would provide the basis for a claim of wrongful foreclosure." *Haynes*, 793 F.3d at 1252; *see Montgomery v. Bank of Am.*, 321 Ga.App. 343, 740 S.E.2d 434, 437–38 (2013) (holding that a borrower could not challenge an assignment to which he was not a party, even if the assignment was forged). Here, Timbes's claim is essentially one of forgery. She asserts that the assignment of her security deed was fabricated by LPS, a "known document fabricator," and signed by known "robosigners." Ac-

cordingly, *Haynes* makes clear that Timbes lacks standing to bring her claim.

Nor does it make any difference if Timbes frames her challenge as asserting a facial defect, rather than a latent defect, in the assignment. In *Haynes*, we held that even a facial defect in the assignment—such as the lack of proper attestation—does not provide a borrower with standing to challenge a security deed. *See* 793 F.3d at 1253. Therefore, we rejected a claim that "the lack of a valid official witness to the assignment rendered the deed facially defective and not fit for recording in violation of O.C.G.A. § 44–14–162(b)." *Id.* at 1251.

Timbes points out that Georgia courts have not gone quite so far as *Haynes*. In *Ames*, the Supreme Court of Georgia adopted the general rule that a borrower lacks standing to challenge an assignment of his or her security deed. 783 S.E.2d at 619–20. But the Court left open the possibility that a debtor could have standing to challenge the validity of an assignment indirectly, if the invalid assignment violated a statutory protection and thereby injured the debtor. *Id.* at 621. One question left unresolved by *Ames* is whether O.C.G.A. § 44–14–162(b) "could ever provide a debtor with standing to challenge a foreclosure based on an unrecorded or facially invalid assignment." *Id.* at 622 n.7. Section § 44–14–162(b) "requir[es] foreclosures to be conducted by the current owner of the mortgage, as shown by public records." *Duke Galish LLC v. SouthCrest Bank*, 314 Ga.App. 801, 726 S.E.2d 54, 56 (2012). Thus, *Ames* left open a possibility—that a debtor could have standing to challenge an unrecorded or facially invalid assignment under § 44–14–162(b)—that *Haynes* appears to foreclose. *Compare Ames*, 783 S.E.2d at 622 n.7 (noting *Haynes*), *with Haynes*, 793 F.3d at 1252–53.

Nevertheless, while *Ames* did not fully foreclose the possibility of borrower standing to challenge an assignment, it also did not work any changes in existing Georgia law. Significantly, nothing in *Ames* appears to cast doubt on our statement in *Haynes* that "Georgia law is clear that borrowers do not have standing to attack a forged assignment of their security deed." *Haynes*, 793 F.3d at 1252. Indeed, *Ames* indicates that if a borrower believes that the assignment of his or her security deed was invalid or fraudulent, he or she should alert the true deed holder so that it "may intercede to assert any rights it believes it has," which "would be expected to lead to remedial action by the true holder." *Ames*, 783 S.E.2d at 620–21. But a borrower "cannot manufacture standing ... by asserting a claim that the party with standing has not asserted." *Id.* at 621. There has been no indication that MERS or American Home Mortgage Acceptance believed that Timbes's security deed was fraudulently conveyed, even if, as Timbes asserts, American Home Mortgage Acceptance had sued LPS for robosigning in the past.

The § 44–14–162(b) issue left unresolved by *Ames* concerns borrower standing based on an "unrecorded or *facially invalid* assignment," *Ames*, 783 S.E.2d at 622 n.7 (emphasis added), but a forged assignment is not invalid on its face, *see Haynes*, 793 F.3d at 1252 (describing forged signatures as a latent defect within an assignment). For this reason, Timbes's allegations of a latent forgery in a recorded assignment do not fit within the limited possibility left open by *Ames*.

Moreover, the fact that *Ames* declined to address an issue of law that *Haynes* addressed does not clarify or change state law in a way that casts doubt on or is inconsistent with *Haynes*. We are bound to follow prior panel precedent even when addressing state-law issues, unless the

state law changes or later state-court or United States Supreme Court decisions cast doubt on the prior panel's interpretation of the state law. *See World Harvest Church, Inc. v. Guideone Mut. Ins. Co.*, 586 F.3d 950, 957 (11th Cir. 2009); *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1066 (11th Cir. 1996). Because *Ames* does not cast doubt on *Haynes*'s interpretation of Georgia state law, Timbes lacks standing to challenge the allegedly forged assignment.

Finally, the district court did not abuse its discretion by failing to provide Timbes with an opportunity to amend her complaint. While a *pro se* plaintiff ordinarily must be given at least one chance to amend her complaint, *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc* ) (holding that this rule does not apply to counseled litigants who never requested leave to amend), the district court need not grant leave to amend where amendment would be futile, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Here, amendment would have been futile because Timbes lacks standing to challenge the assignment. Accordingly, the court properly denied leave to amend.

For the reasons stated, we **AFFIRM** the judgment of the district court.