[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-10769

_____

D.C. No. 0:12-cv-62539-DPG

FREDERICK SIEGMUND,

Plaintiff - Consolidated Defendant - Appellant,

versus

XUELIAN BIAN,
WEI GUAN,

Defendant - Consolidated Plaintiff - Appellees,

SONG QIANG CHEN,
LING LI,
METAMINING, INC.,
METAMINING NEVADA, INC.,
CD INTERNATIONAL ENTERPRISES, INC.,
CHINA DIRECT INVESTMENTS, INC.,
CAPITAL ONE RESOURCE CO., LTD.,
LINKWELL CORPORATION,
Nominal Defendant,
ECOLAB INC.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____
(August 21, 2018)

Before ED CARNES, Chief Judge, MARCUS and EBEL,* Circuit Judges.

EBEL, Circuit Judge:

Plaintiff Frederick Siegmund challenges several rulings the district court made in this diversity case governed by Florida substantive law.  Having previously determined that we have jurisdiction under 28 U.S.C. § 1291 to consider this appeal, we AFFIRM the district court's challenged decisions.

This is a shareholder derivative action.  Siegmund, on behalf of Nominal Defendant Linkwell Corporation, sued, among others, Linkwell directors Xuelian Bian and Wei Guan ("defendant directors"), challenging a 2012 transaction involving Linkwell.  While this litigation was pending, Siegmund lost his Linkwell stock when Linkwell, in 2014, merged with Leading World Corporation and, as part of that merger, cancelled all of its outstanding shares (with several exceptions not relevant here).

---

* The Honorable David M. Ebel, Senior United States Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

The district court granted defendant directors' motion to dismiss because, without any Linkwell stock, Siegmund was no longer able to pursue claims on the corporation's behalf.

On appeal, Siegmund does not challenge the general rule that a plaintiff asserting a shareholder derivative action must own stock in the nominal defendant throughout the litigation.  See Schilling v. Belcher, 582 F.2d 995, 999-1000 (5th Cir. 1978) (applying Fed. R. Civ. P. 23.1)[1]; Timko v. Triarsi, 898 So.2d 89, 91, 93 (Fla. Dist. Ct. App. 2005) (applying Fla. Stat. § 607.07401).  Instead, he argues that we should recognize an exception to that continuous ownership rule where, as he contends occurred here, defendant directors "covertly initiated" the Linkwell-Leading World merger for the sole purpose of divesting Siegmund of his stock and terminating this shareholder derivative action, thus "insulat[ing] their alleged misconduct from judicial review" (Doc. 333 at 1).  Even assuming (without deciding that) such an exception might be available, however, Siegmund failed to provide a sufficient basis to apply it here.  In particular, Siegmund failed to present any evidence disputing the legitimate business justifications for the merger that defendant directors proffered.  Those justifications show that the merger was not "perpetrated merely to deprive [Siegmund] of the standing to bring a derivative

---

[1] The Eleventh Circuit has adopted decisions entered by the former Fifth Circuit on or before September 30, 1981.  See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

action." Lewis v. Ward, 852 A.2d 896, 902 (Del. 2004) (internal quotation marks omitted). And although Siegmund presented evidence that the merger commenced five days after he filed his third amended complaint and that he did not receive notice of it, he failed to present evidence rebutting defendant directors' legitimate business reasons for the merger or suggesting that their reasons were false or fraudulent. Under those circumstances, an exception to the continuous ownership rule cannot apply. Therefore, reviewing the district court's decision de novo, see Doermer v. Callen, 847 F.3d 522, 527 (7th Cir. 2017), we affirm the district court's decision to dismiss Siegmund's shareholder derivative action without prejudice.[2] Rowe v. Schreiber, 139 F.3d 1381, 1382 n.2 (11th Cir. 1998) ("We may affirm a decision on any adequate grounds, including grounds other than the grounds upon which the district court actually relied.").

We also reject Siegmund's challenges to several other district court rulings. We conclude the district court did not abuse its discretion in denying his motion seeking leave to file a fourth amended complaint because that motion was untimely and the resulting delay would be prejudicial. See Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (stating that, although leave to amend

---

[2] We further conclude that the district court did not abuse its discretion in denying Siegmund's motion to strike defendant directors' motion to dismiss and in denying Siegmund's motion seeking reconsideration of the dismissal order. See Nichols v. Ala. State Bar, 815 F.3d 726, 733 (11th Cir. 2016) (reviewing denial of reconsideration for abuse of discretion); Sherrin v. Nw. Nat'l Life Ins. Co., 2 F.3d 373, 381 (11th Cir. 1993) (per curiam) (reviewing denial of motion to strike for abuse of discretion).

should be freely given when justice requires it, see Fed. R. Civ. P. 15(a)(2), district court still has discretion, when appropriate, to deny "a motion to amend . . . on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment"); see also Tampa Bay Water v. HDR Eng'g, Inc., 731 F.3d 1171, 1186 (11th Cir. 2013); Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, 724 F.2d 1552, 1556 n.6 (11th Cir. 1984).  The district court also did not abuse its discretion, see Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1313 (11th Cir. 2011), in denying Siegmund's Fed. R. Civ. P. 37(a) motion to compel defendant directors to respond to Siegmund's requests for production of Linkwell documents.  Siegmund was unable to meet his burden of establishing that the defendant directors, having previously resigned as Linkwell directors, retained sufficient "control" of Linkwell documents to be able to produce them.[3]  See Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34," addressing production of documents, "control . . . is defined, not only as possession, but as the legal right to obtain the documents requested upon demand."); see also Sergeeva v. Tripleton Int'l Ltd., 834 F.3d 1194, 1201 (11th Cir. 2016).  Nor did the district court abuse its discretion, see Nichols, 815 F.3d at 733, in denying Siegmund's motion for reconsideration of the court's refusal to

---

[3] Defendant directors adequately established that they had resigned by submitting their own sworn affidavits stating that they had resigned and Linkwell's corporate resolutions accepting those resignations.

5

compel production.

Having carefully reviewed all the arguments presented by Siegmund and finding that on this record they lack merit, we **AFFIRM.**