[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14916
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cv-00076-LGW-BWC


EDWARD MAHONEY,
KANEESHA HOLT,

                                    Plaintiffs - Appellants,


versus


JEREMY OWENS,
THE CITY OF DARIEN, GEORGIA,

                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 16, 2020)

Before MARTIN, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Kaneesha Holt and Edward Mahoney appeal the district court's grant of summary judgment in favor of Jeremy Owens, a police officer who stopped and arrested them on charges that later were dropped. After careful review, we affirm.

## I.    BACKGROUND

Jeremy Owens, a police officer for the City of Darien, Georgia, pulled over Kaneesha Holt and her boyfriend, Edward Mahoney, while the two drove north on Interstate 95 late at night. Owens was parked in the median of the interstate roughly perpendicular to the road. Shortly after Holt's car passed Owens's car, Owens—who is white—pulled onto the interstate and drove up alongside Holt and Mahoney, both of whom are Black. Owens says he conducted the stop because the car Holt was driving appeared to have a partially obstructed license plate, a violation of Georgia law. *See* O.C.G.A. § 40-2-41.[1] Holt acknowledged that her license plate had a "border piece" that "cover[ed] . . . a little piece of the bottom of the [registration] sticker" such that a person "c[ould]n't see the entire sticker."

---

[1] As relevant here, Georgia law provides:

No license plate shall be covered with any material unless the material is colorless and transparent. No apparatus that obstructs or hinders the clear display and legibility of a license place shall be attached to the rear of any motor vehicle required to be registered in the state. Any person who violates any provision of this Code section shall be guilty of a misdemeanor.

O.C.G.A. § 40-2-41.

2

Doc. 18-3 at 40.[2]  Holt and Mahoney, however, contest Owens's motive for the stop.  Holt testified that based on Owens's positioning beside the road and her rate of speed (which was within legal limits), Owens "could not have seen anything about the tag" but "would have been able to tell that [her] car was driven by a Black person and that the passenger in the vehicle was also Black."  Doc. 25-2 at 1-2.

While conducting the stop, Owens told Holt and Mahoney that he smelled marijuana.  He searched the car (without a warrant), found suspected marijuana in a shaving cream can with a false bottom, and arrested Holt and Mahoney.  Charges against both ultimately were dismissed.  Owens later resigned from the City of Darian police department after his supervisor learned that he had used racial slurs and exchanged racially inflammatory memes and jokes with a colleague at a previous job.

Holt and Mahoney, represented by counsel, sued Owens under "the Fourteenth Amendment to the United States Constitution, [and] 42 U.S.C. § 1981."[3]  Doc. 1 at 2.  They alleged that the reason for the traffic stop, the

---

[2] Citations in the form "Doc. #" refer to the district court's docket entries.

[3] Holt and Mahoney also alleged that Owens violated "Georgia law that protects citizens against illegal or malicious prosecution, wrongful search and seizure[,] and wrongful arrests." Doc. 1 at 2.  Owens asserted official immunity in his motion for summary judgment, and Holt and Mahoney did not respond to that assertion.  Thus, the district court concluded that Holt and Mahoney had failed to demonstrate a genuine issue of material fact regarding whether Owens enjoyed official immunity and granted Owens summary judgment on the state law claims.  On

obscured license plate, was pretextual and that the real reason Owens stopped them was because he saw that they were Black, and he was biased against Black people.[4]

At the close of discovery, Owens moved for summary judgment.  Owens argued that he had arguable probable cause to conduct the stop and search.  He also noted that "Plaintiffs do not assert any claims under 42 U.S.C. § 1983."  Doc. 18-2 at 3.  In response, Holt and Mahoney cited § 1983 but did not seek leave to amend their complaint to add a § 1983 claim.  The district court held a hearing on the motion, at which Holt and Mahoney moved for leave to amend their complaint to add a § 1983 claim.  The district court denied the motion for leave to amend and granted summary judgment to Owen.  The court determined that by bringing a

---

appeal Holt and Mahoney argue that the state law claims should be allowed to proceed because Owens "did not act in good faith, and he was motivated by racial animus."  Appellant's Br. at 18. We do not, however, address claims raised for the first time on appeal absent circumstances special circumstances, none of which Holt and Mahoney assert.  *See Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360-61 (11th Cir. 1984).

Holt and Mahoney also alleged in their complaint that they were "subjected to an unlawful search and seizure in violation of their rights under the United States Constitution, the Constitution of the State of Georgia, and Georgia Law."  Doc. 1 at 4.  The district court concluded that the warrantless search of the vehicle was supported by arguable probable cause and exigent circumstances.  On appeal Holt and Mahoney summarily argue that Owens "did the search without a warrant and without permission, which was a violation of the Fourth Amendment."  Appellant's Br. at 18.  But they do not offer any specific argument as to why the district court erred in concluding that exigent circumstances supported a warrantless search.  We deem abandoned claims that parties fail to meaningfully argue in their briefing.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

[4] Holt and Mahoney also sued the City of Darien.  The district court granted summary judgment in the City's favor, and Holt and Mahoney have failed to meaningfully challenge this disposition on appeal.  Thus, we do not address further their claims against the City.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

claim under § 1981 and the Fourteenth Amendment, rather than § 1983, Holt and Mahoney had failed to plead an actionable claim. Alternatively, the court decided that even if the complaint could be construed as pleading a § 1983 claim, it would fail because Owens was entitled to qualified immunity as to the stop, search, and arrest, and because Holt and Mahoney failed to even allege that Owens treated non-Black motorists differently.

Holt and Mahoney now appeal.

## II.　STANDARDS OF REVIEW

We review an order granting summary judgment *de novo*, viewing "the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmoving party." *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006). Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). A court may not disregard a party's evidence at the summary judgment stage merely because the evidence is self-serving. *Liebman v. Metro. Life Ins. Co.*, 808 F.3d 1294, 1299 (11th Cir. 2015).

Although a district court should "freely give leave" for a party to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a), we review a district court's denial of leave to amend only for an abuse of discretion, *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015).

## III.    DISCUSSION

On appeal Holt and Mahoney challenge the district court's denial of leave to amend and grant of summary judgment to Owens.  We can discern no error.

Holt and Mahoney sued Owens under § 1981, but "§ 1981 does not provide an implicit cause of action against state actors; therefore, § 1983 constitutes the exclusive federal remedy for violation by state actors of the rights guaranteed under § 1981." *Bryant v. Jones*, 575 F.3d 1281, 1288 n.1 (11th Cir. 2009).  Holt and Mahoney did not plead a § 1983 claim.  "[I]n making the necessary preliminary determination of *what claims the plaintiff has actually raised* . . . we are bound by the contents of the plaintiff's pleadings, even on summary judgment." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005).  And "[d]espite the liberal pleading standard for civil complaints, plaintiffs may not raise new claims at the summary judgment stage." *White v. Beltram Edge Tool Supply, Inc.*, 789 F.3d 1188, 1200 (11th Cir. 2015) (internal quotation marks

6

omitted).  Thus, the district court correctly determined that Holt and Mahoney had failed to plead an actionable claim for the alleged constitutional violations.[5]

Holt and Mahoney moved to amend their complaint to add a § 1983 claim, but we cannot say the district court abused its discretion in denying this motion. *See Haynes*, 793 F.3d at 1250 (explaining that a district court is within its discretion to deny leave to amend based on undue delay or futility of amendment). The district court denied leave because Holt and Mahoney had unduly delayed their request to amend and, alternatively, because amendment to add a § 1983 claim would be futile.  As to delay, the court found that Holt and Mahoney had several opportunities to request leave to amend but failed to do so.  In particular, Owens argued in his motion for summary judgment that Holt and Mahoney could not raise a standalone equal protection claim and had not pleaded a § 1983 claim. Yet Holt and Mahoney failed to request leave to amend in response to this motion; instead they waited until a hearing more than five months later, well after the close of discovery, to do so.  Given these findings, we see no abuse of discretion in the court's finding of undue delay and denial of leave to amend.

---

[5] Because Holt and Mahoney were represented by counsel, they are not entitled to the more liberal construction we afford to *pro se* pleadings.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (explaining that we hold *pro se* pleadings to a less stringent standard than those prepared by lawyers).

Moreover, the district court correctly determined that even if Holt and Mahoney had been permitted to amend to plead § 1983 claims for Fourth and Fourteenth Amendment violations, the amendment would have been futile. *See id.* (explaining that a district court may deny leave to amend when amendment would be futile). For the reasons the district court gave in its summary judgment order, Owens would be entitled to qualified immunity on a Fourth Amendment claim because he had arguable probable cause to stop Holt's car based on the partially obstructed license plate, arguable probable cause to search the car once he smelled marijuana, and probable cause to arrest Holt and Mahoney once he founded what he suspected was marijuana. *See* Doc. 32 at 10-15. Having admitted the license plate was partially obscured, on appeal Holt and Mahoney's only challenges to the district court's qualified immunity determination are that (1) a partially obscured license plate does not violate Georgia law; and (2) there was no evidence that Owens had sufficient training such that he would recognize the smell of marijuana. As to the first argument, Georgia courts have permitted traffic stops when, as here, a registration sticker is partially obscured by a bracket surrounding a license plate. *See, e.g.*, *Wilson v. State*, 702 S.E.2d 2, 3-4 (Ga. Ct. App. 2010) (upholding a trial court's determination that a law enforcement officer had a basis for a stop when a license plate bracket "blocked view of the registration expiration date"). As to the second argument, Owens testified that although he had no official training on the

8

detection of marijuana, he had "a lot of experience" detecting it from his years working as a law enforcement officer.  Doc. 25-4 at 32.  Self-serving though this testimony may be, it was uncontradicted, and the district court was obligated to consider it.  *Liebman*, 808 F.3d at 1299.  Based on this evidence, Holt and Mahoney have failed to raise a genuine issue of material fact as to whether Owens had arguable probable cause to search the car based on the suspected presence of marijuana.  Thus, Owens would be entitled to qualified immunity on a Fourth Amendment claim even if it had been pled properly via § 1983.

Owens also would be entitled to summary judgment on a properly pled equal protection claim.  "To state an equal protection claim, [Holt and Mahoney] must allege that through state action, similarly situated persons have been treated disparately."  *Draper v. Reynolds*, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004) (internal quotation marks omitted).  Holt and Mahoney "presented no evidence that [Owens] treated [non-Black motorists] differently" from Black motorists.  *Id.* Thus, their claim would fail as a matter of law.

## IV.    CONCLUSION

Racism in policing is a particularly brutal facet of our country's mistreatment of Black people.  We condemn Owens's racist remarks, jokes, and communications.

For the reasons discussed above, however, we conclude that the district court did not err in granting Owens summary judgment.

**AFFIRMED.**