[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-14564

Non-Argument Calendar

_____

GARY BAPTISTE,

                                                          Plaintiff-Appellant,

*versus*

JOHN DOE,
in his individual and official capacity,
JANE DOE,
in her individual and official capacity,
JORDAN MAYES,
in his individual and off,

                                                          Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61758-RKA

———————————

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Baptiste, a federal prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint with prejudice for failure to state a plausible claim under 28 U.S.C. § 1915(e)(2). Baptiste alleged in his complaint that three law clerks denied his right to access the courts by withholding his habeas filings from a federal district judge, forging the judge's name, and entering orders denying relief. On appeal, Baptiste alleges that the district court erred by both dismissing his complaint with prejudice and denying leave to amend. For the reasons explained below, we affirm.

## I.

We review *de novo* a district court's *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a viable claim using the same standards that govern dismissals under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) (explaining that the language of § 1915(e)(2)(B)(ii) tracks the language of Rule 12(b)(6)). We may affirm a district court's judgment on any basis supported by the

record. *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1249 (11th Cir. 2015).

Section 1915(e) provides, in relevant part, that an *in forma pauperis* action shall be dismissed at any time if the court determines that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "[T]he plaintiff is the master of the complaint," and we consider "all documents that are attached to the complaint or incorporated into it by reference" when "deciding whether a complaint states a claim upon which relief may be granted." *Gill ex rel. K.C.R. v. Judd*, 941 F.3d 504, 511–12 (11th Cir. 2019). Accepting the plaintiff's factual allegations as true, the complaint must state a claim to relief that is plausible on its face to avoid dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one that allows a court to draw reasonable inferences that the defendant is liable for the claim. *Id.* A court "draw[s] on its judicial experience and common sense" in determining whether a claim is plausible. *Id.* at 679. This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Furthermore, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Taylor v. Polhill*, 964 F.3d 975, 981 (11th Cir. 2020) (quoting *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2013)).

*Pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers, but they must still suggest, even if inartfully, some factual basis for a claim. *Jones v.*

*Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).  And this leniency does not allow a court "to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).  Additionally, "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).  A party fails to adequately brief an issue "when he does not 'plainly and prominently' raise it," e.g., by only casually raising an issue or by failing to elaborate on the issue in his brief's argument section. *Id.* (quoting *Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013)); *see also* Fed. R. App. P. 28(a)(8)(A) (requiring a brief to contain an "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies").

A suit brought under 42 U.S.C. § 1983 challenges the constitutionality of the actions of state officials. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  The Supreme Court has recognized a similar cause of action for unconstitutional conduct by federal officials. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 389 (1971).  In other words, *Bivens* created a remedy against federal officers, acting under color of federal law, analogous to the remedy against state officials provided by § 1983. *See id.*; *Abella*, 63 F.3d at 1065.

Litigants enjoy a fundamental right to access the courts, which "requires that an inmate be provided 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Vanderberg v. Donaldson*, 259 F.3d 1321, 1323 (11th Cir. 2001) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). A showing of actual injury is a prerequisite to an inmate's access-to-the-courts claim. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008). Actual injury may be established by showing that "an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded . . . by an official's action." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006). However, because an access-to-the-courts claim vindicates the separate right to seek judicial relief, the inmate must identify in his complaint a nonfrivolous underlying claim that was affected. *Id.* at 1226.

Here, Baptiste abandoned his challenge to the district court's dismissal of his case. In its order, the district court focused exclusively on Baptiste's failure to allege facts plausibly supporting one element of his access-to-the-courts claim—that the law clerks impeded his ability to present a claim. Baptiste has not presented any argument on appeal about that finding and instead argues only about the viability of his underlying ineffective assistance of counsel claim. He thus abandoned his challenge to the dismissal of his case for failure to state a plausible access-to-the-courts claim.

## II.

We review for abuse of discretion a district court's decision to deny leave to amend a complaint. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).

A *pro se* plaintiff must be given at least one chance to amend his complaint before the district court dismisses the action with prejudice unless amendment would be futile. *Silberman v. Mia. Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019). "Leave to amend would be futile if an amended complaint would still fail at the motion-to-dismiss or summary-judgment stage." *L.S. ex rel. Hernandez v. Peterson*, 982 F.3d 1323, 1332 (11th Cir. 2020). A district court does not abuse its discretion by denying leave to amend as futile where a plaintiff fails to identify any new facts that might form the basis for stating a claim successfully. *Vanderberg*, 259 F.3d at 1326–27. Additionally, "[a] district court may find futility if a prerequisite to relief 'is belied by the facts alleged in the complaint.'" *Peterson*, 982 F.3d at 1332 (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015)).

Here, the district court did not abuse its discretion by denying Baptiste leave to amend on the basis that any amendment to the complaint would have been futile. What Baptiste now says he would have added to an amended complaint—naming Judge James Cohn as a defendant and explaining how Judge Cohn failed to resolve his ineffective assistance of counsel claim—has nothing to do with the alleged law clerk misconduct and would not make his claim against them more plausible. Moreover, these amendments

could not state a plausible claim against Judge Cohn because Baptiste says that claim would be that Judge Cohn's order did not resolve all the § 2255 claims he presented rather than that he did not have a reasonably adequate opportunity to present those claims to the court.

## III.

Accordingly, for the reasons stated above, we affirm the district court's dismissal of Baptiste's complaint

**AFFIRMED.**