[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10186

Non-Argument Calendar

_____

JOSEPH WEST, et al.,

Plaintiffs,

REGINA M. BENNETT,

Plaintiff-Appellant,

*versus*

BUTLER COUNTY BOARD OF EDUCATION,
LINDA HAMILTON,
Individually and in her official capacity as a
member of the Butler County Board of Education,
MICKEY JONES,
Individually and in his official capacity as a
member of the Butler County Board of Education,
MICHAEL NIMMER,

Individually and in his official capacity as a
member of the Butler County Board of Education,
LOIS ROBINSON,
Individually and in her official capacity as a
member of the Butler County Board of Education, et al.,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:18-cv-01061-RAH-JTA

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Regina Bennett sued the Butler County Board of Education, five Board members, and the Superintendent for violating Title VII of the Civil Rights Act of 1964 and the Fourteenth Amendment Due Process and Equal Protection clauses. The crux of her claims is that the defendants discriminated against her when they reassigned her from a school counselor position to a kindergarten teacher position at the same school. The district court granted the defendants' motion for summary judgment on all claims and entered a final judgment for the defendants. Bennett timely appealed.

Bennett argues the district court erred in two respects. First, she says the district court abused its discretion in denying her motion for leave to amend her complaint. Second, she says the district court erred in granting the defendants' motion for summary judgment on her race discrimination claim under Title VII.

We agree with the defendants that the district court did not abuse its discretion when it denied Bennett's motion for leave to amend her complaint. We review a district court's decision to grant or deny leave to amend a pleading for an abuse of discretion. *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (internal quotations omitted).

Bennett missed the district court's deadline to move for leave to amend the pleadings. After granting multiple extensions, the district court set the deadline for the parties to file amended pleadings for December 17, 2019. Bennett purported to file an amended complaint on December 17, but did not move for leave to file her amended complaint until December 18.

Two rules govern motions for leave to amend that are filed after a deadline in a scheduling order. Rule 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1250 (11th Cir. 2015) (internal quotations omitted). Additionally, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When a party has not been diligent in seeking an extension, a district court is well within its discretion to decline to modify a scheduling order. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008).

The district court held that there was no good cause to modify the scheduling order and denied Bennett's motion because of her undue delay in filing it, because it would require significantly more discovery, including the redeposition of parties and witnesses, and because it would prejudice the defendants. Bennett fails to explain how the district court applied an incorrect legal standard, applied the law in an unreasonable or incorrect manner, followed improper procedures in denying her motion, or made clearly erroneous findings of fact. *See Aycock*, 769 F.3d at 1068. Rather, she argues that justice requires her new claims to be heard and that the district court's ruling was inconsistent with the "spirit" of the Federal Rules. We disagree. The district court followed the Rules, and nothing in the record suggests that it abused its discretion in doing so. Accordingly, we affirm the district court's denial of Bennett's motion for leave to amend her complaint.

Next, the district court granted the defendants' motion for summary judgment on her race discrimination claim because Bennett failed to present evidence that her transfer was discriminatory under our existing Title VII caselaw. While this appeal was pending, the Supreme Court decided *Muldrow v. City of St. Louis*, 144. S. Ct. 967 (2024), in which it held that, under the anti-discrimination provision of Title VII, a plaintiff who is suing over an allegedly discriminatory workplace transfer "need show only some injury respecting her employment terms or conditions" and "[t]he transfer must have left her worse off, but need not have left her significantly so." *Muldrow*, 144 S. Ct. at 977.

This standard differs from our pre-*Muldrow* caselaw, which required a Title VII plaintiff alleging an adverse employment action to establish a "serious and material change in the terms, conditions, or privileges of employment." *Webb-Edwards v. Orange Cnty. Sheriff's Off.*, 525 F.3d 1013, 1031 (11th Cir. 2008). We have said that our standard requires that the adverse action specifically involve a reduction in pay, prestige, or responsibility. *See Hinson v. Clinch Cnty. Bd. of Ed.*, 231 F.3d 821, 828 (11th Cir. 2000). The district court in this case, citing our precedent, held that it was Bennett's burden to establish that her transfer "in some substantial way alter[ed] the employee's compensation, terms, conditions, or privileges of employment, deprive[d] him or her of employment opportunities, or adversely affect[ed] his or her status as an employee." Plaintiffs no longer need to meet that "substantial way" burden.

Although the defendants argue that we should affirm on other grounds, we believe the more prudent course is to remand for additional proceedings under the new legal standard. The plaintiff's evidentiary presentation and briefing at summary judgment were directed to meeting a legal standard that no longer exists. And the district court did not have the benefit of the new standard when it decided the defendants' motion for summary judgment. Accordingly, we vacate and remand the district court's summary judgment order as to the Title VII race discrimination claim so that the court may reconsider whether Bennett's Title VII race discrimination claim should proceed to trial.

The district court is **AFFIRMED** in part and **VACATED AND REMANDED** in part.